# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| VIRTUALAGILITY, INC.,<br><br>    **Plaintiff,**<br><br>    v.<br><br>**SALESFORCE.COM, INC.; DELL, INC.; DR PEPPER SNAPPLE GROUP, INC.; KIMBERLY-CLARK CORP.; NBCUNIVERSAL, INC.; LIVINGSOCIAL, INC.; FEDEX CORP.; FEDEX CORPORATE SERVICES, INC.; BMC SOFTWARE, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; MERRILL LYNCH & CO., INC.; and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,**<br><br>    **Defendants.** | **CIVIL ACTION NO. 2:13-CV-011**<br><br>**DEFENDANTS' NOTICE OF INTERLOCUTORY APPEAL**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' NOTICE OF INTERLOCUTORY APPEAL

Notice is hereby given that Salesforce.com, Inc.; Dell, Inc.; Dr Pepper Snapple Group, Inc.; Kimberly-Clark Corp.; NBCUniversal, Inc.; LivingSocial, Inc.; FedEx Corp.; FedEx Corporate Services, Inc.; BMC Software, Inc.; Bank of America Corporation; Bank of America, National Association; Merrill Lynch & Co., Inc.; and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Defendants") in the above named case hereby appeal to the United States Court of Appeals for the Federal Circuit from the Court's Order denying Defendants' Motion to Stay Proceedings Pursuant to Section 18(b) of the Leahy-Smith America Invents Act entered in this action on January 9, 2014 (Dkt. 117). Appellate jurisdiction arises from the statute permitting interlocutory appeals from orders pertaining to motions to stay pursuant to Section 18(b) of the Leahy-Smith America Invents Act ("AIA"). 35 U.S.C. § 321; AIA § 18(b)(2), Pub. L. No. 112-29, 125 Stat. 284, 331 (2011) ("A

party may take an immediate interlocutory appeal from a district court's decision under paragraph (1) [motion for stay]. The United States Court of Appeals for the Federal Circuit shall review the district court's decision to ensure consistent application of established precedent, and such review may be de novo."). The Court has not entered final judgment under Fed. R. Civ. P. 54 and, therefore, this is not an appeal from final judgment under 28 U.S.C. §§ 1291–1292, 1295.

Dated: January 10, 2014

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/: Jose C. Villarreal
     Jose C. Villarreal
     State Bar No. 24003113
     jvillarreal@wsgr.com
     Joel C. Boehm
     State Bar No. 24069393
     jboehm@wsgr.com
     900 South Capital of Texas Highway
     Las Cimas IV, Fifth Floor
     Austin, TX 78746-5546
     Telephone: (512) 338-5400
     Facsimile: (512) 338-5499

     Larry L. Shatzer
     (*pro hac vice*)
     lshatzer@wsgr.com
     1700 K Street, NW
     Fifth Floor
     Washington, DC 20006
     Telephone: (202) 973-8800
     Facsimile: (202) 973-8899

**ATTORNEYS FOR DEFENDANTS, salesforce.com, INC.; DELL, INC.; DR PEPPER SNAPPLE GROUP, INC.; NBCUNIVERSAL, INC.; LIVINGSOCIAL, INC.; FEDEX CORPORATION; FEDEX CORPORATE SERVICES, INC.; BMC SOFTWARE, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; MERRILL LYNCH & CO., INC.; AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**

**GILLAM & SMITH LLP**

Melissa R. Smith
State Bar. No. 24001351
Harry Lee Gillam, Jr.
State Bar No. 07921800
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**ATTORNEYS FOR DEFENDANTS, SALESFORCE.COM, INC.; DELL, INC.; DR PEPPER SNAPPLE GROUP, INC.; NBCUNIVERSAL, INC.; LIVINGSOCIAL, INC.; FEDEX CORPORATION; FEDEX CORPORATE SERVICES, INC.; BMC SOFTWARE, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; MERRILL LYNCH & CO., INC.; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; AND KIMBERLY-CLARK CORPORATION**

**BAKER BOTTS L.L.P.**

By: /s/: Darryl J. Adams
Kevin J. Meek
State Bar No. 13899600
kevin.meek@bakerbotts.com
Darryl J. Adams
State Bar No. 00796101
darryl.adams@bakerbotts.com
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701
Telephone:  (512) 322-2500
Facsimile:  (512) 322-2501

**ATTORNEYS FOR DEFENDANT, KIMBERLY-CLARK CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by US Mail on this the 10th day of January, 2014.

By:   /s/ Jose C. Villarreal

APPEAL,CASREF,JURY,PATENT/TRADEMARK,PROTECTIVE-ORDER

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Marshall)
## CIVIL DOCKET FOR CASE #: 2:13-cv-00011-JRG
## Internal Use Only

| | |
|---|---|
| VirtualAgility Inc v. Salesforce.com, Inc. et al | Date Filed: 01/04/2013 |
| Assigned to: Judge Rodney Gilstrap | Jury Demand: Plaintiff |
| Cause: 15:1126 Patent Infringement | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

**Mediator**

**David Folsom**

**Plaintiff**

**VirtualAgility Inc**       represented by   **Andrew Joseph Wright**
Nix Patterson & Roach - Irving
5215 N O'Connor Blvd
Suite 1900
Irving, Tx 75039
972-831-1188
Fax: 972-444-0716
Email: andrewjwright@me.com
*ATTORNEY TO BE NOTICED*

**Christian J Hurt**
Nix Patterson & Roach, LLP - Irving
5215 North O'Connor Blvd
Suite 1900
Irving, Tx 75039
972-831-1188
Fax: 972-444-0716
Email: christianhurt@nixlawfirm.com
*ATTORNEY TO BE NOTICED*

**Derek Tod Gilliland**
Nix Patterson & Roach LLP -
Daingerfield
205 Linda Drive
Daingerfield, TX 75638
903/645-7333
Fax: 903/645-5389
Email: dgilliland@nixlawfirm.com
*ATTORNEY TO BE NOTICED*

**Edward K Chin**
Nix Patterson & Roach - Irving



A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: _____ *DCollazo* _____

5215 N O'Connor Blvd
Suite 1900
Irving, Tx 75039
972-831-1188
Fax: 972-444-0716
Email: edchin@me.com
*ATTORNEY TO BE NOTICED*

**Kirk Austin Voss**
Nix Patterson & Roach - Irving
5215 N O'Connor Blvd
Suite 1900
Irving, Tx 75039
972-831-1188
Fax: 972-444-0716
Email: kirkvoss@nixlawfirm.com
*ATTORNEY TO BE NOTICED*

**Nelson James Roach**
Nix Patterson & Roach LLP -
Daingerfield
205 Linda Drive
Daingerfield, TX 75638
903/645-7333
Fax: 19036455389
Email: njroach@nixlawfirm.com
*ATTORNEY TO BE NOTICED*

**Robert Winn Cutler**
Nix Patterson & Roach, LLP - Irving
5215 North O'Connor Blvd
Suite 1900
Irving, Tx 75039
972.831.1188
Fax: 972.444.0716
Email: winncutler@nixlawfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Neil Smith**
Nix Patterson & Roach - Irving
5215 N O'Connor Blvd
Suite 1900
Irving, Tx 75039
972-831-1188
Fax: 972-444-0716
Email: dneilsmith@me.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Salesforce.com, Inc.**                    represented by  **Jose Carlos Villarreal**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
512-338-5400
Fax: 512-338-5499
Email: jvillarreal@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450
Fax: 903-934-9257
Email: gil@gillamsmithlaw.com
*ATTORNEY TO BE NOTICED*

**Joel Christian Boehm**
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Highway
Las Cimas IV
Fifth Floor
Austin, TX 78746-5546
512-338-5400
Fax: 512-338-5499
Email: jboehm@wsgr.com
*ATTORNEY TO BE NOTICED*

**Larry L Shatzer**
Wilson Sonsini Goodrich & Rosati
1700 K Street
Fifth Floor
Washington, DC 20006-3817
202/973-8803
Fax: 202/973-8899
Email: lshatzer@wsgr.com
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903/934-8450
Fax: 903/934-9257
Email: melissa@gillamsmithlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dell, Inc.**                              represented by   **Jose Carlos Villarreal**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Harry Lee Gillam , Jr**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Joel Christian Boehm**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Larry L Shatzer**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Melissa Richards Smith**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. Pepper Snapple Group, Inc.**          represented by   **Jose Carlos Villarreal**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Harry Lee Gillam , Jr**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Joel Christian Boehm**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Larry L Shatzer**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Melissa Richards Smith**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Kimberly-Clark Corporation**              represented by   **Kevin James Meek**
                                                            Baker Botts LLP - Austin
                                                            98 San Jacinto Blvd
                                                            Suite 1500

Austin, TX 78701
(512) 322-5471
Fax: (512) 322-3622
Email: kevin.meek@bakerbotts.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Darryl J Adams**
Baker Botts LLP - Austin
1500 San Jacinto Center
98 San Jacinto Blvd
Austin, TX 78701-4087
512-322-2583
Fax: 512-322-3620
Email: darryl.adams@bakerbotts.com
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**NBCUniversal, Inc.**                     represented by    **Jose Carlos Villarreal**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel Christian Boehm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Larry L Shatzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LivingSocial, Inc.**                     represented by    **Jose Carlos Villarreal**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel Christian Boehm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Larry L Shatzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**FedEx Corporation**                 represented by   **Jose Carlos Villarreal**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel Christian Boehm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Larry L Shatzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BMC Software, Inc.**                represented by   **Jose Carlos Villarreal**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel Christian Boehm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Larry L Shatzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bank of America Corporation**          represented by   **Jose Carlos Villarreal**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel Christian Boehm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Larry L Shatzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Bernard Walsh , IV**
Fish & Richardson PC
5000 Bank One Center
1717 Main Street
Dallas, TX 75201
(214)747-5070
Fax: 12147472091
Email: walsh@fr.com
*TERMINATED: 03/25/2013*

**Defendant**

**Bank of America National Association**          represented by   **Jose Carlos Villarreal**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel Christian Boehm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Larry L Shatzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Bernard Walsh , IV**
(See above for address)
*TERMINATED: 03/25/2013*

**Defendant**

**Merrill Lynch & Co., Inc.**      represented by **Jose Carlos Villarreal**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel Christian Boehm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Larry L Shatzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Bernard Walsh , IV**
(See above for address)
*TERMINATED: 03/25/2013*

**Defendant**

**Merrill Lynch, Pierce, Fenner &**      represented by **Jose Carlos Villarreal**
**Smith Incorporated**      (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel Christian Boehm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Larry L Shatzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Bernard Walsh , IV**
(See above for address)
*TERMINATED: 03/25/2013*

**Defendant**

**Fedex Corporate Services Inc.**          represented by **Harry Lee Gillam , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joel Christian Boehm**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jose Carlos Villarreal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Larry L Shatzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/04/2013 | 1 | COMPLAINT *Jury Demand* against All Defendants ( Filing fee $ 350 receipt number 0540-3939140.), filed by VirtualAgility Inc. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A - US Patent No. |

| | | 8,095,413 B1)(Smith, David) (Entered: 01/04/2013) |
|---|---|---|
| 01/04/2013 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Smith, David) (Entered: 01/04/2013) |
| 01/08/2013 | | Case assigned to Judge Rodney Gilstrap. (ch, ) (Entered: 01/08/2013) |
| 01/08/2013 | 3 | ***VACATED PER ORDER # 80 ***ORDER REFERRING CASE to Magistrate Judge Roy S. Payne. Signed by Judge Rodney Gilstrap on 1/8/2013. (ch, ) Modified on 8/1/2013 (ch, ). (Entered: 01/08/2013) |
| 01/08/2013 | 🔒 | (Court only) ***Set/Clear Flags (ch, ) (Entered: 01/08/2013) |
| 01/08/2013 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice of Consent to Proceed Before Magistrate Judge*. (ch, ) (Entered: 01/08/2013) |
| 01/08/2013 | 4 | SUMMONS Issued as to Salesforce.com, Inc.. (Attachments: # 1 BMC Software Inc, # 2 NBCUniversal Inc, # 3 Dr. Pepper Snapple Group Inc, # 4 FedEx Corporation, # 5 LivingSocial, Inc, # 6 Kimberly-Clark Corporation, # 7 Dell, Inc)(ch, ) (Entered: 01/08/2013) |
| 01/22/2013 | 5 | SUMMONS Returned Executed by VirtualAgility Inc. BMC Software, Inc. served on 1/9/2013, answer due 1/30/2013. (ehs) (Entered: 01/22/2013) |
| 01/22/2013 | 6 | SUMMONS Returned Executed by VirtualAgility Inc. Dell, Inc. served on 1/9/2013, answer due 1/30/2013; Dr. Pepper Snapple Group, Inc. served on 1/9/2013, answer due 1/30/2013; FedEx Corporation served on 1/9/2013, answer due 1/30/2013; Kimberly-Clark Corporation served on 1/9/2013, answer due 1/30/2013; LivingSocial, Inc. served on 1/9/2013, answer due 1/30/2013; Salesforce.com, Inc. served on 1/9/2013, answer due 1/30/2013. (Attachments: # 1 Dr Pepper Snapple Group, # 2 FedEx, # 3 Kimberly-Clark, # 4 LivingSocial, # 5 SalesForce.com)(ehs, ) (Entered: 01/22/2013) |
| 01/28/2013 | 7 | NOTICE of Attorney Appearance by Andrew Joseph Wright on behalf of VirtualAgility Inc (Wright, Andrew) (Entered: 01/28/2013) |
| 01/28/2013 | 8 | SUMMONS Returned Executed by VirtualAgility Inc. NBCUniversal, Inc. served on 1/9/2013, answer due 1/30/2013. (ehs, ) (Entered: 01/28/2013) |
| 01/28/2013 | 9 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Salesforce.com, Inc..( Villarreal, Jose) (Entered: 01/28/2013) |
| 01/28/2013 | 10 | NOTICE of Attorney Appearance by Kevin James Meek on behalf of |

| | | Kimberly-Clark Corporation (Meek, Kevin) (Entered: 01/28/2013) |
|---|---|---|
| 01/28/2013 | 11 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re BMC Software, Inc..( Villarreal, Jose) (Entered: 01/28/2013) |
| 01/28/2013 | 12 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Dell, Inc..( Villarreal, Jose) (Entered: 01/28/2013) |
| 01/28/2013 | 13 | NOTICE of Attorney Appearance by Darryl J Adams on behalf of Kimberly-Clark Corporation (Adams, Darryl) (Entered: 01/28/2013) |
| 01/28/2013 | 14 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Dr. Pepper Snapple Group, Inc..( Villarreal, Jose) (Entered: 01/28/2013) |
| 01/28/2013 | 15 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re FedEx Corporation.( Villarreal, Jose) (Entered: 01/28/2013) |
| 01/28/2013 | 16 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re LivingSocial, Inc..( Villarreal, Jose) (Entered: 01/28/2013) |
| 01/28/2013 | 17 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Kimberly-Clark Corporation.( Meek, Kevin) (Entered: 01/28/2013) |
| 01/28/2013 | 18 | NOTICE of Attorney Appearance by Edward K Chin on behalf of VirtualAgility Inc (Chin, Edward) (Entered: 01/28/2013) |
| 01/29/2013 | | Defendant's Unopposed Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for Salesforce.com, Inc. to 3/1/2013. First Days Granted for Deadline Extension.( ch, ) (Entered: 01/29/2013) |
| 01/29/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for BMC Software, Inc. to 3/1/2013. 30 Days Granted for Deadline Extension.( ch, ) (Entered: 01/29/2013) |
| 01/29/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for Dell, Inc. to 3/1/2013. 30 Days Granted for Deadline Extension.( ch, ) (Entered: 01/29/2013) |
| 01/29/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for Dr. Pepper Snapple Group, Inc. to 3/1/2013. 30 Days Granted for Deadline Extension.( ch, ) (Entered: 01/29/2013) |
| 01/29/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for |

| | | |
|---|---|---|
| | | FedEx Corporation to 3/1/2013. 30 Days Granted for Deadline Extension.( ch, ) (Entered: 01/29/2013) |
| 01/29/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for LivingSocial, Inc. to 3/1/2013. 30 Days Granted for Deadline Extension.( ch, ) (Entered: 01/29/2013) |
| 01/29/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for Kimberly-Clark Corporation to 3/1/2013. 30 Days Granted for Deadline Extension.( ch, ) (Entered: 01/29/2013) |
| 01/29/2013 | 19 | NOTICE of Attorney Appearance by Derek Tod Gilliland on behalf of VirtualAgility Inc (Gilliland, Derek) (Entered: 01/29/2013) |
| 01/29/2013 | 20 | NOTICE of Attorney Appearance by Kirk Austin Voss on behalf of VirtualAgility Inc (Voss, Kirk) (Entered: 01/29/2013) |
| 01/29/2013 | 21 | ***FILED IN ERROR PER ATTORNEY, SEE CORRECTED DOCUMENT # 22 ***AMENDED COMPLAINT against All Defendants, filed by VirtualAgility Inc. (Attachments: # 1 Exhibit A)(Smith, David) Modified on 1/30/2013 (ehs, ). (Entered: 01/29/2013) |
| 01/30/2013 | 22 | ***REPLACES DOCUMENT # 21 ***AMENDED COMPLAINT against All Defendants, filed by VirtualAgility Inc. (Attachments: # 1 Exhibit A)(Smith, David) Modified on 1/30/2013 (ehs, ). (Entered: 01/30/2013) |
| 01/30/2013 | | NOTICE that docket # 22 amended answer replaces # 21 (ehs, ) (Entered: 01/30/2013) |
| 01/31/2013 | 23 | SUMMONS Issued as to Bank of America Corporation, Bank of America National Association, FedEx Corporation, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated. (Attachments: # 1 Bank of Am NA, # 2 FedEx, # 3 Merrill Lynch & Co, # 4 Merrill Lynch Pierce Fenner Smith)(ehs, ) (Entered: 01/31/2013) |
| 02/11/2013 | 24 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re NBCUniversal, Inc..( Villarreal, Jose) (Entered: 02/11/2013) |
| 02/11/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for NBCUniversal, Inc. to 3/14/2013. 30 Days Granted for Deadline Extension.( ch, ) (Entered: 02/11/2013) |
| 02/11/2013 | 25 | WAIVER OF SERVICE Returned Executed by VirtualAgility Inc. FedEx Corporation waiver sent on 2/1/2013, answer due 4/2/2013. (ehs, ) (Entered: 02/11/2013) |
| 02/15/2013 | 26 | SUMMONS Returned Executed by VirtualAgility Inc. Bank of America Corporation served on 2/4/2013, answer due 2/25/2013; Bank |

| | | |
|---|---|---|
| | | of America National Association served on 2/4/2013, answer due 2/25/2013; Merrill Lynch & Co., Inc. served on 2/4/2013, answer due 2/25/2013; Merrill Lynch, Pierce, Fenner & Smith Incorporated served on 2/4/2013, answer due 2/25/2013. (Attachments: # 1 Merrill Lynch, Pierce, Fenner & Smith, # 2 Bk of Am National Associ, # 3 Bk of Am Corp)(ehs, ) (Entered: 02/15/2013) |
| 02/20/2013 | 27 | CORPORATE DISCLOSURE STATEMENT filed by VirtualAgility Inc (Smith, David) (Entered: 02/20/2013) |
| 02/20/2013 | 28 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Bank of America Corporation, Bank of America National Association, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated.( Walsh, Thomas) (Entered: 02/20/2013) |
| 02/21/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is GRANTED pursuant to Local Rule CV-12 for Bank of America National Association to 3/27/2013; Merrill Lynch & Co., Inc. to 3/27/2013; Merrill Lynch, Pierce, Fenner & Smith Incorporated to 3/27/2013; Bank of America Corporation to 3/27/2013. 30 Days Granted for Deadline Extension.( sm, ) (Entered: 02/21/2013) |
| 02/25/2013 | 29 | Joint MOTION for Extension of Time to File Answer *to Plaintiff's Complaint* by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. (Attachments: # 1 Text of Proposed Order)(Villarreal, Jose) (Entered: 02/25/2013) |
| 02/28/2013 | 30 | ORDER granting 29 Motion for Extension of Time to Answer. Defendants shall have until April 5, 2013, to answer Plaintiff VirtualAgility, Inc. amended complaint Signed by Magistrate Judge Roy S. Payne on 2/27/13. (ehs, ) (Entered: 02/28/2013) |
| 03/08/2013 | 31 | NOTICE of Attorney Appearance by Robert Winn Cutler on behalf of VirtualAgility Inc (Cutler, Robert) (Entered: 03/08/2013) |
| 03/22/2013 | 32 | Unopposed MOTION to Substitute Attorney by Bank of America Corporation, Bank of America National Association, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated. (Attachments: # 1 Text of Proposed Order)(Villarreal, Jose) (Entered: 03/22/2013) |
| 03/25/2013 | 33 | ORDER granting 32 Motion to Substitute Attorney. Attorney Thomas Bernard Walsh, IV terminated. Signed by Magistrate Judge Roy S. Payne on 3/25/13. (bas, ) (Entered: 03/25/2013) |
| 04/05/2013 | 34 | Joint MOTION to Dismiss *for Failure to State a Claim* by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark |

| | | |
|---|---|---|
| | | Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. (Attachments: # 1 Text of Proposed Order) (Villarreal, Jose) (Entered: 04/05/2013) |
| 04/05/2013 | 35 | CORPORATE DISCLOSURE STATEMENT filed by Bank of America Corporation, Bank of America National Association, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated (Villarreal, Jose) (Entered: 04/05/2013) |
| 04/05/2013 | 36 | CORPORATE DISCLOSURE STATEMENT filed by BMC Software, Inc. (Villarreal, Jose) (Entered: 04/05/2013) |
| 04/05/2013 | 37 | CORPORATE DISCLOSURE STATEMENT filed by FedEx Corporation, Fedex Corporate Services Inc. (Villarreal, Jose) (Entered: 04/05/2013) |
| 04/05/2013 | 38 | CORPORATE DISCLOSURE STATEMENT filed by LivingSocial, Inc. (Villarreal, Jose) (Entered: 04/05/2013) |
| 04/05/2013 | 39 | CORPORATE DISCLOSURE STATEMENT filed by NBCUniversal, Inc. (Villarreal, Jose) (Entered: 04/05/2013) |
| 04/05/2013 | 40 | CORPORATE DISCLOSURE STATEMENT filed by Dr. Pepper Snapple Group, Inc. (Villarreal, Jose) (Entered: 04/05/2013) |
| 04/05/2013 | 41 | CORPORATE DISCLOSURE STATEMENT filed by Dell, Inc. (Villarreal, Jose) (Entered: 04/05/2013) |
| 04/05/2013 | 42 | CORPORATE DISCLOSURE STATEMENT filed by Salesforce.com, Inc. (Villarreal, Jose) (Entered: 04/05/2013) |
| 04/05/2013 | 43 | NOTICE of Attorney Appearance by Joel Christian Boehm on behalf of BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc. (Boehm, Joel) (Entered: 04/05/2013) |
| 04/05/2013 | 44 | CORPORATE DISCLOSURE STATEMENT filed by Kimberly-Clark Corporation (Adams, Darryl) (Entered: 04/05/2013) |
| 04/08/2013 | 45 | NOTICE of Attorney Appearance - Pro Hac Vice by Larry L Shatzer on behalf of BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. Filing fee $ 100, receipt number 0540-4081932. (Shatzer, Larry) (Entered: 04/08/2013) |
| 04/16/2013 | 46 | Unopposed MOTION for Extension of Time to File Response/Reply *Response to Defendants' Joint Motion to Dismiss* by VirtualAgility Inc. |

| | | (Attachments: # 1 Text of Proposed Order)(Chin, Edward) (Entered: 04/16/2013) |
|---|---|---|
| 04/18/2013 | 47 | ORDER granting 46 Motion for Extension of Time to File Response to Deft's Joint Motion to Dismiss. Responses due by 4/30/2013. Signed by Magistrate Judge Roy S. Payne on 4/18/13. (ehs, ) (Entered: 04/18/2013) |
| 04/18/2013 | 48 | NOTICE by Bank of America Corporation, Bank of America National Association, Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated *Request for Termination of Electronic Notices* (Walsh, Thomas) (Entered: 04/18/2013) |
| 04/22/2013 | 49 | Joint MOTION to Change Venue by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. (Attachments: # 1 Exhibit 1)(Villarreal, Jose) (Additional attachment(s) added on 5/8/2013: # 2 Text of Proposed Order) (ch, ). (Entered: 04/22/2013) |
| 04/22/2013 | 50 | AFFIDAVIT in Support re 49 Joint MOTION to Change Venue *Joel C. Boehm filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Villarreal, Jose) (Entered: 04/22/2013) |
| 04/22/2013 | 51 | AFFIDAVIT in Support re 49 Joint MOTION to Change Venue *Larry Robinson filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.*. (Villarreal, Jose) (Entered: 04/22/2013) |
| 04/22/2013 | 52 | AFFIDAVIT in Support re 49 Joint MOTION to Change Venue *Syed Hassan filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.*. (Villarreal, Jose) (Entered: 04/22/2013) |

| | | |
|---|---|---|
| 04/22/2013 | 53 | AFFIDAVIT in Support re 49 Joint MOTION to Change Venue *Michael Lee Woods filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc..* (Villarreal, Jose) (Entered: 04/22/2013) |
| 04/22/2013 | 54 | AFFIDAVIT in Support re 49 Joint MOTION to Change Venue *Rebecca Lombard filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc..* (Villarreal, Jose) (Entered: 04/22/2013) |
| 04/22/2013 | 55 | AFFIDAVIT in Support re 49 Joint MOTION to Change Venue *Kathryn Curtis filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc..* (Villarreal, Jose) (Entered: 04/22/2013) |
| 04/22/2013 | 56 | AFFIDAVIT in Support re 49 Joint MOTION to Change Venue *Derek Smith filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc..* (Villarreal, Jose) (Entered: 04/22/2013) |
| 04/22/2013 | 57 | AFFIDAVIT in Support re 49 Joint MOTION to Change Venue *Lynn B. Diebold filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc..* (Villarreal, Jose) (Entered: 04/22/2013) |
| 04/22/2013 | 58 | AFFIDAVIT in Support re 49 Joint MOTION to Change Venue *Barbara Siordia filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc..* (Villarreal,* |

| | | Jose) (Entered: 04/22/2013) |
|---|---|---|
| 04/22/2013 | 59 | AFFIDAVIT in Support re 49 Joint MOTION to Change Venue *Vincent J. Bona filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc..* (Villarreal, Jose) (Entered: 04/22/2013) |
| 04/22/2013 | 60 | Additional Attachments to Main Document: 52 Affidavit in Support of Motion, 50 Affidavit in Support of Motion,, 53 Affidavit in Support of Motion, 57 Affidavit in Support of Motion, 58 Affidavit in Support of Motion, 59 Affidavit in Support of Motion, 55 Affidavit in Support of Motion, 56 Affidavit in Support of Motion, 54 Affidavit in Support of Motion, 51 Affidavit in Support of Motion,.. (Villarreal, Jose) (Entered: 04/22/2013) |
| 04/30/2013 | 61 | RESPONSE in Opposition re 34 Joint MOTION to Dismiss *for Failure to State a Claim filed by VirtualAgility Inc.* (Attachments: # 1 Text of Proposed Order)(Smith, David) (Entered: 04/30/2013) |
| 05/07/2013 | 62 | Unopposed MOTION for Extension of Time to File Response/Reply *to Defendants' Joint Motion to Transfer Venue* by VirtualAgility Inc. (Attachments: # 1 Text of Proposed Order)(Chin, Edward) (Entered: 05/07/2013) |
| 05/10/2013 | 63 | ORDER granting 62 Motion for Extension of Time to File Response/Reply re 49 Joint MOTION to Change Venue Responses due by 5/24/2013. Signed by Magistrate Judge Roy S. Payne on 5/9/2013. (ch, ) (Entered: 05/10/2013) |
| 05/13/2013 | 64 | REPLY to Response to Motion re 34 Joint MOTION to Dismiss *for Failure to State a Claim filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc..* (Villarreal, Jose) (Entered: 05/13/2013) |
| 05/23/2013 | 65 | SUR-REPLY to Reply to Response to Motion re 34 Joint MOTION to Dismiss *for Failure to State a Claim filed by VirtualAgility Inc.* (Smith, David) (Entered: 05/23/2013) |
| 05/24/2013 | 66 | RESPONSE to Motion re 49 Joint MOTION to Change Venue *filed by VirtualAgility Inc.* (Attachments: # 1 Exhibit A - 1, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Text of Proposed Order)(Chin, Edward) (Entered: 05/24/2013) |
| 05/29/2013 | 67 | Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act* by BMC Software, Inc., Bank of America |

| | | |
|---|---|---|
| | | Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. (Attachments: # 1 Affidavit Joel Boehm Declaration, # 2 Exhibit A to Boehm Declaration, # 3 Exhibit B to Boehm Declaration, # 4 Exhibit C to Boehm Declaration, # 5 Exhibit D to Boehm Declaration, # 6 Exhibit E to Boehm Declaration, # 7 Exhibit F to Boehm Declaration, # 8 Text of Proposed Order)(Villarreal, Jose) (Entered: 05/29/2013) |
| 06/06/2013 | 68 | REPLY to Response to Motion re 49 Joint MOTION to Change Venue *filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc..* (Attachments: # 1 Affidavit Declaration of Katherine Hasper, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Villarreal, Jose) (Entered: 06/06/2013) |
| 06/11/2013 | 69 | Unopposed MOTION for Extension of Time to File *Response to Defendants' Joint Motion to Stay Proceedings Pursuant to Section 18 (b) Of The America Invents Act* by VirtualAgility Inc. (Attachments: # 1 Text of Proposed Order)(Chin, Edward) (Entered: 06/11/2013) |
| 06/12/2013 | 70 | ORDER granting 69 Motion for Extension of Time to File Response to Dft Joint Motion to Stay. Signed by Magistrate Judge Roy S. Payne on 6/12/2013. (ch, ) (Entered: 06/12/2013) |
| 06/17/2013 | 71 | SUR-REPLY to Reply to Response to Motion re 49 Joint MOTION to Change Venue *VIRTUALAGILITYS SURREPLY IN OPPOSITION TO DEFENDANTS JOINT MOTION TO TRANSFER VENUE filed by VirtualAgility Inc.* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Smith, David) (Entered: 06/17/2013) |
| 06/20/2013 | 72 | RESPONSE to Motion re 67 Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act filed by VirtualAgility Inc.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit B-1, # 4 Exhibit B-2, # 5 Text of Proposed Order)(Smith, David) (Entered: 06/20/2013) |
| 06/21/2013 | 73 | Additional Attachments to Main Document: 72 Response to Motion,,... (Attachments: # 1 Exhibit B-2)(Smith, David) (Entered: 06/21/2013) |
| 07/01/2013 | 74 | REPLY to Response to Motion re 67 Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to* |

| | | |
|---|---|---|
| | | *Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act filed by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Villarreal, Jose) (Entered: 07/01/2013) |
| 07/11/2013 | 75 | SUR-REPLY to Reply to Response to Motion re 67 Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act filed by VirtualAgility Inc.* (Smith, David) (Entered: 07/11/2013) |
| 07/16/2013 | 76 | NOTICE by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc. re 67 Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act*Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act Notice of Supplemental Authority* (Attachments: # 1 Exhibit A)(Villarreal, Jose) (Entered: 07/16/2013) |
| 07/19/2013 | 77 | ORDER - Scheduling Conference set for 8/8/2013 02:15 PM before Judge Rodney Gilstrap and Judge Roy S Payne. Signed by Judge Rodney Gilstrap on 7/19/2013. (ch, ) (Entered: 07/19/2013) |
| 07/29/2013 | 78 | NOTICE of Attorney Appearance by Melissa Richards Smith on behalf of BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc. (Smith, Melissa) (Entered: 07/29/2013) |
| 07/30/2013 | 79 | NOTICE of Attorney Appearance by Melissa Richards Smith on behalf of Kimberly-Clark Corporation (Smith, Melissa) (Entered: 07/30/2013) |
| 08/01/2013 | 80 | ORDER - VACATES the referral of this case to Judge Payne for pretrial purposes. Signed by Judge Rodney Gilstrap on 7/31/2013. (ch, ) (Entered: 08/01/2013) |
| 08/01/2013 | 81 | NOTICE of Attorney Appearance by Nelson James Roach on behalf of |

| | | |
|---|---|---|
| | | VirtualAgility Inc (Roach, Nelson) (Entered: 08/01/2013) |
| 08/02/2013 | 82 | NOTICE by VirtualAgility Inc *to the Court Regarding Readiness for Scheduling Conference* (Chin, Edward) (Entered: 08/02/2013) |
| 08/08/2013 | | Minute Entry for proceedings held before Judge Rodney Gilstrap and Judge Roy Payne: Scheduling Conference held on 8/8/13. Counsel for the parties appeared and were asked if they consented to a trial before Judge Payne. The parties were then given Markman and jury selection dates. The parties were directed to meet and confer regarding any changes to the Courts scheduling order and discovery order, and the parties are to submit the proposed orders within 14 days of the conference. (Court Reporter Shelly Holmes.) (bga, ) (Entered: 08/12/2013) |
| 08/08/2013 | | Minute Entry for proceedings held before Judge Rodney Gilstrap and Judge Roy Payne: Scheduling Conference held on 8/8/13. Counsel for the parties appeared and were asked if they consented to a trial before Judge Payne. The parties were then given Markman and jury selection dates. The parties were directed to meet and confer regarding any changes to the Court's scheduling order and discovery order, and the parties are to submit the proposed orders within 14 days of the conference. (Court Reporter Shelly Holmes, CSR)(jml) (Entered: 09/10/2013) |
| 08/15/2013 | 83 | NOTICE of Designation of Mediator, Judge David Folsom, filed by Salesforce.com, Inc.. (Villarreal, Jose) (Entered: 08/15/2013) |
| 08/20/2013 | 84 | NOTICE of Attorney Appearance by Melissa Richards Smith on behalf of LivingSocial, Inc. (Smith, Melissa) (Entered: 08/20/2013) |
| 08/22/2013 | 85 | ***FILED IN ERROR, PLEASE IGNORE***Submission of d, s by VirtualAgility Inc *Joint Motion for Entry of Proposed Docket Control Order, Proposed Discovery Order and Proposed Electronic Discovery Order*. (Attachments: # 1 Exhibit A - Proposed Agreed Docket Control Order, # 2 Exhibit B - Proposed Agreed Discovery Order with E-Discovery Order, # 3 Text of Proposed Order)(Chin, Edward) Modified on 8/23/2013 (sm, ). (Entered: 08/22/2013) |
| 08/22/2013 | 86 | Joint MOTION for Extension of Time to File *Protective Order* by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc., VirtualAgility Inc. (Attachments: # 1 Text of Proposed Order)(Villarreal, Jose) (Entered: 08/22/2013) |
| 08/23/2013 | | ***FILED IN ERROR, WRONG EVENT USED. Document # 85, Submission of Agreed Orders. PLEASE IGNORE.***<br><br>(sm, ) (Entered: 08/23/2013) |
| | | |

| 08/23/2013 | 87 | Joint MOTION *FOR ENTRY OF PROPOSED DOCKET CONTROL ORDER, PROPOSED DISCOVERY ORDER, AND PROPOSED ELECTRONIC DISCOVERY ORDER* by VirtualAgility Inc. (Attachments: # 1 Exhibit A - Proposed Agreed Docket Control Order, # 2 Exhibit B - Proposed Agreed Discovery Order with E-Discovery Order, # 3 Text of Proposed Order)(Chin, Edward) (Entered: 08/23/2013) |
| --- | --- | --- |
| 08/23/2013 | 88 | NOTICE of Attorney Appearance by Harry Lee Gillam, Jr on behalf of BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc. (Gillam, Harry) (Entered: 08/23/2013) |
| 08/26/2013 | 89 | ORDER granting 86 Motion for Extension of Time to File Proposed Protective Order. Signed by Judge Rodney Gilstrap on 8/26/2013. (ch, ) (Entered: 08/26/2013) |
| 08/30/2013 | 90 | DISCOVERY ORDER. Signed by Judge Rodney Gilstrap on 8/29/2013. (ch, ) (Entered: 08/30/2013) |
| 08/30/2013 | 91 | DOCKET CONTROL ORDER - Amended Pleadings due by 1/15/2014., Joinder of Parties due by 8/29/2013., Markman Hearing set for 4/2/2014 01:30 PM before Judge Rodney Gilstrap., Motions due by 9/29/2014., Proposed Pretrial Order due by 10/13/2014., Jury Selection set for 11/3/2014 09:00AM before Judge Rodney Gilstrap., Pretrial Conference set for 10/20/2014 10:00 AM before Judge Rodney Gilstrap. Mediation deadline 5/30/2014. Signed by Judge Rodney Gilstrap on 8/29/2013. (ch, ) (Entered: 08/30/2013) |
| 09/04/2013 | 92 | Submission of Proposed Agreed Protective order by VirtualAgility Inc . (Chin, Edward) (Entered: 09/04/2013) |
| 09/05/2013 | 93 | NOTICE of Discovery Disclosure by Kimberly-Clark Corporation (Adams, Darryl) (Entered: 09/05/2013) |
| 09/05/2013 | 94 | NOTICE of Discovery Disclosure by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc. *Notice of Complaince with Discovery Order Paragraph 1* (Boehm, Joel) (Entered: 09/05/2013) |
| 09/06/2013 | 95 | NOTICE by VirtualAgility Inc *of Compliance and Service of Initial Disclosures* (Chin, Edward) (Entered: 09/06/2013) |
| 09/24/2013 | 96 | STIPULATED PROTECTIVE ORDER. Signed by Judge Rodney Gilstrap on 9/24/2013. (ch, ) (Entered: 09/24/2013) |
| 09/26/2013 | 97 | NOTICE of Attorney Appearance by Christian J Hurt on behalf of |

| | | VirtualAgility Inc (Hurt, Christian) (Entered: 09/26/2013) |
|---|---|---|
| 09/27/2013 | 98 | Unopposed MOTION for Extension of Time to File *Defendants' Unopposed Motion for Extension of Time to Serve Invalidity Contentions* by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. (Attachments: # 1 Text of Proposed Order)(Villarreal, Jose) (Entered: 09/27/2013) |
| 09/30/2013 | 99 | ORDER granting 98 Motion for Extension of Time to Serve Invalidity Contentions. Signed by Judge Rodney Gilstrap on 9/30/13. (mrm, ) (Entered: 09/30/2013) |
| 10/18/2013 | 100 | Unopposed MOTION for Extension of Time to File *Motion for Extension of Time to Serve Invalidity Contentions* by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. (Attachments: # 1 Text of Proposed Order) (Villarreal, Jose) (Entered: 10/18/2013) |
| 10/22/2013 | 101 | ORDER granting 100 Motion for Extension of Time to Serve Invalidity Contentions. Signed by Judge Rodney Gilstrap on 10/21/2013. (ch, ) (Entered: 10/22/2013) |
| 11/01/2013 | 102 | NOTICE by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc. *Notice of Compliance P.R. 3-3 and P.R. 3-4* (Smith, Melissa) (Entered: 11/01/2013) |
| 11/05/2013 | 🔒 103 | Unopposed SEALED MOTION *for the Issuance of a Letter of Request for International Judicial Assistance from Canada* by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. (Attachments: # 1 Exhibit 1 - Letter of Request, # 2 Affidavit Declaration of Brian Range in Support of Motion for Issuance of Letter Request, # 3 Exhibit A to the Declaration of Brian Range, # 4 Exhibit B to the Declaration of Brian Range, # 5 Text of Proposed Order)(Villarreal, Jose) (Entered: 11/05/2013) |
| 11/07/2013 | 🔒 | (Court only) ***Staff notes - 2 Certified Copies of LETTER OF |

| | | |
|---|---|---|
| | | REQUEST TO THE COMPETENT AUTHORITY OF ALBERTA, CANADA has been mailed regular mail to Jose C Villarreal (ch, ) (Entered: 11/07/2013) |
| 11/07/2013 | 104 | ORDER granting 103 Sealed Motion for the Issuance of a Letter of Request for International Judicial Assistance from Canada. Signed by Judge Rodney Gilstrap on 11/7/2013. (ch, ) (Entered: 11/07/2013) |
| 11/19/2013 | 105 | NOTICE by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc. re 67 Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act - Defendants Notice of Decision Regarding Institution of Covered Business Method Review* (Attachments: # 1 Exhibit A - Covered Business Method Review Decision, # 2 Exhibit B - Covered Business Method Review Schedule)(Villarreal, Jose) (Entered: 11/19/2013) |
| 11/21/2013 | 106 | Unopposed MOTION for Leave to File *SUPPLEMENTAL INVALIDITY CONTENTIONS* by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. (Attachments: # 1 Text of Proposed Order)(Villarreal, Jose) (Entered: 11/21/2013) |
| 11/25/2013 | 107 | Joint MOTION for Extension of Time to File *Joint Motion to Extend Deadline to Comply With P.R. 4-1* by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc., VirtualAgility Inc. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 11/25/2013) |
| 11/26/2013 | 108 | NOTICE by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc. re 67 Joint MOTION to Stay *Proceedings Pursuant to Section 18(b) of the America Invents Act Defendants' Notice of Request for Expedited Hearing* (Villarreal, Jose) (Entered: 11/26/2013) |
| 12/02/2013 | 109 | ORDER granting 107 Motion for Extension of Time to Comply with P.R. 4-1. Signed by Judge Rodney Gilstrap on 11/27/2013. (ch, ) (Entered: 12/02/2013) |

| 12/05/2013 | 110 | ORDER granting 106 Motion for Leave to Supplement Invalidity Contentions. Signed by Judge Rodney Gilstrap on 12/5/13. (mrm, ) (Entered: 12/05/2013) |
|---|---|---|
| 12/06/2013 | 111 | NOTICE by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc. *Defendants' Notice of Disclosure of Proposed Terms and Claim Elements for Construction as Required by P.R. 4-1* (Villarreal, Jose) (Entered: 12/06/2013) |
| 12/06/2013 | 112 | NOTICE by VirtualAgility Inc *Notice of Compliance Re P.R. 4-1 Disclosures* (Voss, Kirk) (Entered: 12/06/2013) |
| 12/11/2013 | 113 | Unopposed MOTION for Extension of Time to File *Defendants' Unopposed Motion for Extension of Time for Certain Deadlines* by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. (Attachments: # 1 Text of Proposed Order) (Villarreal, Jose) (Entered: 12/11/2013) |
| 12/17/2013 | 114 | ORDER granting 113 Motion for Extension of Time for Certain Deadlines. Signed by Judge Rodney Gilstrap on 12/16/13. (bas, ) (Entered: 12/17/2013) |
| 01/02/2014 | 115 | Unopposed MOTION for Leave to File *SUPPLEMENTAL INVALIDITY CONTENTIONS* by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. (Attachments: # 1 Text of Proposed Order)(Villarreal, Jose) (Entered: 01/02/2014) |
| 01/08/2014 | 116 | ORDER granting 115 Motion for Leave to File Amended Invalidity Contentions. Signed by Judge Rodney Gilstrap on 1/8/2014. (ch, ) (Entered: 01/08/2014) |
| 01/09/2014 | 117 | MEMORANDUM OPINION AND ORDER -. Signed by Judge Rodney Gilstrap on 1/8/2014. (ch, ) (Entered: 01/09/2014) |
| 01/09/2014 | 118 | NOTICE by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc. *Notice of Disclosure of Proposed Constructions for Claim Terms pursuant to P.R. 4-2.* (Villarreal, Jose) |

| | | (Entered: 01/09/2014) |
|---|---|---|
| 01/09/2014 | 119 | NOTICE by VirtualAgility Inc *Notice of Compliance Re P.R. 4-2 Disclosures* (Voss, Kirk) (Entered: 01/09/2014) |
| 01/10/2014 | 120 | **\*\*\*FILED IN ERROR, This appeal is to the USCA-FEDERAL CIRCUIT, not 5th Circuit. Incorrect event used. This will be refiled, PLEASE IGNORE\*\*\*** NOTICE OF INTERLOCUTORY APPEAL as to 117 Memorandum & Opinion by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. Filing fee $ 505, receipt number 0540-4474815. (Villarreal, Jose) Modified on 1/13/2014 (dlc, ). (Entered: 01/10/2014) |
| 01/10/2014 | | NOTICE of Deficiency regarding 120 NOTICE OF INTERLOCUTORY APPEAL submitted. Wrong event used. This is an appeal to the USCA-FEDERAL CIRCUIT not 5th Circuit. Correction should be made by 1/13/14 (dlc, ) (Entered: 01/13/2014) |
| 01/10/2014 | 121 | NOTICE OF APPEAL - FEDERAL CIRCUIT as to 117 Memorandum & Opinion by BMC Software, Inc., Bank of America Corporation, Bank of America National Association, Dell, Inc., Dr. Pepper Snapple Group, Inc., FedEx Corporation, Fedex Corporate Services Inc., Kimberly-Clark Corporation, LivingSocial, Inc., Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, NBCUniversal, Inc., Salesforce.com, Inc.. Filing fee paid in the amount of $505.00, receipt number 0540-4474815. (dlc, ) (Entered: 01/13/2014) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| VIRTUALAGILITY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:13-cv-00011-JRG |
| | § | |
| SALESFORCE.COM, INC., ET AL | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Joint Motion to Stay Proceedings Pursuant to Section 18(b) of the Leahy-Smith America Invents Act ("AIA"). (Dkt. No. 67.) Having considered the parties' written submissions, the Court **DENIES** Defendants' motion.

### I.      Background

The patent at issue relates to processes and tools which provide a common framework for communicating effectively across diverse groups within an organization and for assessing key elements of the organization's business. The patentee, VirtualAgility, Inc. ("VirtualAgility" or "Plaintiff") sells cloud-based enterprise-level information technology solutions that encompass the patented invention. Defendant Salesforce.com, Inc. ("Salesforce") likewise is a provider of enterprise cloud computing solutions, whose products are used by the other Defendants in this case.

VirtualAgility filed suit on January 4, 2013 against Salesforce and the other Defendants for allegedly infringing U.S. Patent No. 8,095,413 (the "'413 Patent"). On May 24, 2013, Salesforce

1

filed a petition for Covered Business Method ("CBM") review of the '413 Patent under the AIA. On May 29, 2013, all Defendants jointly filed the instant motion seeking a stay of proceedings pending the PTO's final resolution of the CBM review. On November 19, 2013, the Patent Trial and Appeal Board ("PTAB") granted Defendants' petition and instituted a CBM review of all claims of the '413 Patent.

## II. Applicable Law

Section 18 of the Leahy-Smith America Invents Act ("AIA") establishes the Transitional Program for Covered Business Method Patents ("CBM"). 157 Cong. Rec. S1360-02 (2011); AIA § 18. The program is regarded as a post-grant review, where a person sued for infringement of a "covered business method" patent may petition the PTAB to review the validity of that patent. AIA § 18(a). For purposes of the statute, a "covered business method" patent is defined as "a patent that claims a method or corresponding apparatus for performing data processing operations utilized in the practice, administration, or management of a financial product or service." AIA § 18(d).

The transitional program provides a statutory stay provision under which a party may seek stay of a civil action alleging infringement of the CBM patent. AIA § 18(b)(1). The courts are directed to base their decision as to whether or not to grant such a stay on four factors: "(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." *Id.*

## III. Analysis

The Court will discuss each of the statutory stay factors outlined in § 18(b) below, addressing the parties' specific arguments where applicable.

### a. Statutory Background

The CBM transitional program is designed to "provide a cheaper, faster alternative to district court litigation over the validity of business-method patents." 157 Cong. Rec. S1360-02. The proceeding is limited to certain business method patents, which "are generally of dubious quality because unlike other types of patents, they have not been thoroughly reviewed at the PTO due to a lack of the best prior art." *Id.*

The four-factor test, adopted directly from a 2006 district court opinion in *Broad. Innovation, L.L.C. v. Charter Commc'n, Inc.*, No. 03-cv-2223-ABJ-BNB, 2006 WL 1897165 at *3 (D. Colo. July 11, 2006), "closely resembles the stay analysis courts have applied in assessing a motion to stay pending *inter partes* or *ex parte* reexamination by the [patent office]. 157 Cong. Rec. S1360-02; *Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 489 (D. Del. Feb. 5, 2013); *see, e.g.*, *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (applying a three-factor test that asks "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set."). Indeed, the only difference between the CBM test and the court's traditional test is the addition of the fourth factor, which requires courts to consider "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." AIA § 18(b)(1). Some courts interpret this additional consideration as "[having] ease[d] the movant's task of demonstrating the need for a stay." *Market-Alerts*, 922 F. Supp. 2d at 489-490; *see also Versata Software, Inc. v. Volusion, Inc.*, No.

A-12-CA-893-SS (W.D. Tex. June 20, 2013) (slip opinion); *Progressive Casualty Ins. Co. v. Safeco Ins. Co, et al.*, Nos. 1:10-cv-01370, 1:11-cv-00082, 1:12-cv-01068, 1:12-cv-01070, 2013 WL 1662952 (N.D. Ohio April 17, 2013); *Zillow v. Trulia*, No. C-12-1549-JLR, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013).

This Court is mindful that Congress did not provide an automatic stay provision for the transitional program. Rather, the statute instructs the court to consider all four factors in deciding whether or not to grant a stay. Further, there has been little dispute among district courts that Congress did not intend to alter the way in which district courts assess the first three factors. *See, e.g.*, *Market-Alerts*, 922 F. Supp. at 490 n.6; *Zillow*, 2013 WL 5530573 at *3. Thus, under the statutory stay provision of the transitional program, staying patent cases pending CBM review remains squarely within the court's discretion, and "such determinations must rest on the facts of each particular case." *See Sightsound Techs., LLC v. Apple*, No. 11-1292, 2013 WL 2457284 at *1 (W.D. Penn. June 6, 2013). Whether to ultimately grant or deny such a stay flows from the court's inherent authority to manage its own trial docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

### b. Simplification of Issues

The first statutory factor requires the Court to consider whether a stay will simply the issues in question and streamline the trial. Defendants argue that the CBM review will simplify the issues in this case because the review may result in some or all of the claims being cancelled. The Court, however, is not convinced that such a result is probable.

The Court notes from the outset that the '413 Patent has gone through a lengthy

prosecution process, indeed one spanning over twelve years, during which time the PTO considered more than sixty patent and non-patent prior art references before eventually granting the patent.  The application was filed on May 14, 1999.  After the initial examination and continued examination, the examiner rejected the patent application under 35 U.S.C. § 102 and §103, which decision was appealed to the Board of Patent Interference and Appeal ("BPIA").  In a written opinion published on June 16, 2011, the BPIA reversed the examiner's rejection under § 102 and § 103, but raised a new ground of rejection finding the claims directed at un-patentable subject matter under 35 U.S.C. § 101.  Thereafter, the applicant reopened prosecution and authorized an examiner's amendment.  In light of the BPIA's rejection under § 101, the examiner amended then-pending claims 197, 210 and 211, bringing those claims to, in the examiner's view, the proper scope of the statutory subject matter.  With those amendments deemed acceptable by the applicant, the amended claims were subsequently allowed on September 25, 2011, which then became the claims of the '413 patent.[1]  Thus, unlike the more common business method patents which Congress contemplated to "have not been thoroughly reviewed at the PTO due to a lack of the best prior art," there can be little dispute here about the thoroughness of the PTO's prior examination of the '413 patent, given the various grounds of invalidity and the breadth of prior art references considered by the PTO before issuing this patent.

Defendants argue that the CBM review will simplify issues in this case because the PTAB will determine whether the asserted claims are invalid in view of "several important prior art references."  Defendants presented a total of two prior art references to the PTAB (the Ito patent and the Lowery book), one of which, the Lowery book, was previously considered by the PTO

---

[1] To the extent the Court refers to any prosecution history record not specifically set forth by either party, the Court hereby, *sua sponte*, takes judicial notice of such record.  *See* Federal Rule of Evidence 201 (b)-(c) (stating that courts may unilaterally take judicial notice of a fact not subject to reasonable dispute because "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

during the '413 patent prosecution.   Indeed, in its Decision Instituting Covered Business Method Review of the '413 patent, the PTAB again found that "[Salesforce] has failed to show that claims 1-21 are, more likely than not, anticipated by Lowery," and that "[Salesforce] has not shown that claims 1-21 are, more likely than not, unpatentable as would have been obvious[] over Ito and Lowery," essentially leaving the Ito patent as the single prior art reference currently before the PTAB.   Dkt. No. 105-1 at 43-44.   Given the thoroughness of the PTO's prior examination of the '413 patent, during which time more than sixty prior art references were considered, the Court is not persuaded that the Ito patent, by itself, would invalidate all or a substantial number of asserted claims of the '413 Patent.

Moreover, during the course of this litigation, Defendants have indicated to the Court that they would rely on at least two other non-patent prior art references (the "Oracle project" and the "Tecskor product"), both of which are allegedly "of particular importance."   *See* Dkt. No. 49 at 18-19 (Defendants relying on the prior art "Oracle project" in seeking to transfer venue to the Northern District of California); Dkt. No. 103 at 3 (Defendants requesting the Court to issue a letter of request for international judicial assistance from Canada with respect to the prior art Tecskor software product).   Neither the Oracle project nor the Tecskor product is before the PTAB.   Thus, even though the CBM review obviates the need for this Court to consider the Ito patent, should any of the asserted claims emerge from the CBM review, the Court would almost certainly need to consider either the Oracle project or the Tecskor product, if not both, as invalidating prior art.   In this regard, the benefit derived from the PTAB's consideration of the Ito patent, as the only prior art reference now before the patent office, is therefore marginal.   *Cf. Broad. Innovation*, 2006 WL 1897165 at *3 (recognizing the advantage of PTO reexamination when "[a]ll prior art presented to the Court will have been first considered by the PTO, with its

particular expertise.")

Defendants further argue that a stay will "clearly simplify" the issues in this case because a § 101 determination will likely cancel all asserted claims of the '413 patent in light of the PTAB's recent decision holding unpatentable under 35 U.S.C. § 101 certain method and computer apparatus claims in *SAP Am., Inc. v. Versata Development Group, Inc.*, No. CBM2012-00001 (PTAB June 11, 2013) (final written decision for CBM review of U.S. Patent 6,553,350 (the "*SAP* patent")). The Court, however, sees even greater uncertainty with respect to the PTAB's § 101 determination. Defendants have correctly noted that patentable subject matter is a complex and unsettled area of law. *See Bilski v. Kappos*, 130 S. Ct. 3218, 3232 (2010) (Stevens, J., concurring) (noting the "uncertainty that currently pervades this field" as to what constitutes a patentable "process" under 35 U.S.C. § 101.); *CLS Bank Int'l v. Alice Corp. Pty. Ltd.*, 717 F.3d 1269, 1277 (Fed. Cir. 2013), *cert. granted*, 13-298, 2013 WL 4776518 (U.S. Dec. 6, 2013) ("While simple enough to state, the patent-eligibility test has proven quite difficult to apply."). The patentability of claims directed at computer-implemented inventions as in this case is a particularly divided issue at the Federal Circuit.[2] While the Court has the benefit of the PTAB's prior § 101 determination in *SAP v. Versata* in deciding whether the CBM review will likely cancel any claims of the '413 Patent, it finds considerable differences between the claims in *SAP* and the claims at issue. The *SAP* patent went through a three-year prosecution, during which time the only ground of invalidity considered by the PTO was obviousness under § 103. *See Versata Software, Inc. et al v. SAP America, Inc. et al*, No. 2:07-cv-00153-RSP, Dkt. No. 352 Exs. 3.4-3.8 (prosecution history of the *SAP* patent). The CBM review then cancelled all *SAP* claims under § 101 and *Gottschalk v. Benson*, 409 U.S. 63 (1972), as simply reciting a generic general purpose computer

---

[2] *See* Donald S. Chisum, *Patents on Computer-Implemented Methods and Systems: The Supreme Court Grants Review (CLS Bank) Background Developments and Comments*, Chisum Patent Academy (2013).

element that failed to constitute a "meaningful limitation" of the claim. *See SAP*, No. CBM2012-00001 at 29-30. This ground of invalidity, however, has been considered by the BPAI during the course of the '413 Patent prosecution. *See* Decision on Appeal, Application No. 09/312,740 at 10 (BPAI June 20, 2011) (rejecting the then-pending claims of the '413 patent application as encompassing software *per se*); MPEP Ch. 2100, § 2106 (listing "computer program *per se*" as an example of unpatentable claims under *Benson*, 409 U.S. at 72). Indeed, the amendments that eventually led to the issuance of the '413 patent were recommended by the examiner to specifically address the Board's § 101 rejection. Thus, unlike the *SAP* claims the subject-matter patentability of which had never been considered by the patent office prior to its CBM review, here § 101 issues concerning the '413 patent had been scrutinized by both the patent examiner and the appeal Board, and this occurred less than two years prior to Defendant's petition for CBM review. As a result, the '413 patent carries with it a stronger presumption of validity than the *SAP* patent with respect to at least the § 101 challenge. *See Bowser, Inc. v. U. S.*, 388 F.2d 346, 349 (Ct. Cl. 1967) ("The strength of the presumption [of patent validity] varies with the substance of the assertion, e.g., if the asserting party relies on prior art that previously has been considered either by the Patent Office or by another court then the presumption of validity is strong, or if the asserting party cites prior art that is more pertinent than that considered by the Patent Office or another court then the presumption of validity is considerably weakened."); *cf. Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2250 (2011) ("[B]ecause the heightened standard of proof [for invalidating a patent] applied where the evidence before the court was 'different' from that considered by the PTO, it applied even more clearly where the evidence was identical.") (citation omitted).

Further, beyond the underlying abstract idea, the *SAP* claims include but a broad limitation

of using "a data source," which incurred nothing more than "conventional, routine steps that are a consequence of implementing the abstract idea." *See SAP*, No. CBM2012-00001 at 21-32. Whereas in this case, the asserted claims of the '413 patent involve "an extensive computer interface," particularly, a specific application of a method implemented on a comprehensive graphical user interface. *See Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1352 (Fed. Cir. 2013). Not only do multiple claims of the '413 patent call for "a graphical user interface" capable of displaying and linking different categories of information and supporting a variety of user operations, the specification also makes it clear that such a user interface is essential for achieving the intended benefit of the claimed intention. *See, e.g.*, Claims 1-3; Col. 11:24-27 ("Because these different views are a click away, the Agile Manager supports a dynamic decision making process where discussion can move quickly from strategic to tactical consideration."); Figs. 3, 6-10, 12-33. Here, unlike the "data source" element of the *SAP* claims which was mere "token pre- or post-solution steps" of the underlying idea, the graphical user interface which links different groups of an organization is an integral part of the claimed invention, and is more likely to provide a "meaningful limitation" to the general idea. *Ultramercial*, 722 F.3d at 1352; *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1278 (Fed. Cir. 2012) ("In order for the addition of a machine to impose a meaningful limit on the scope of a claim, it must play a significant part in permitting the claimed method to be performed[.]"). Accordingly, given the clear differences between the *SAP* claims and the asserted claims of the '413 Patent, the Court is not persuaded that the PTAB will likely cancel all claims of the '413 patent under § 101, as it did in *SAP*. Defendants' assertion that a § 101 determination will "clearly simplify issues" is nothing more than an educated guess in this case.

In sum, weighing the limited benefit derived from the PTAB's prior consideration of the

single prior art reference (the Ito patent) against the substantial uncertainty involved in all other aspects of the CBM review, including the § 101 determination and further in view of the two additional prior art references not before the PTAB, this Court is not convinced that granting a stay will simplify the issues in this case. This factor is essentially neutral, if not slightly against, granting a stay in this case.

### c. Status of This Case

The second factor, whether discovery is complete and whether a trial date has been set, weighs in favor of granting a stay. While jury selection in the instant case has been set to take place on November 3, 2014, the deadline to complete fact discovery is more than six months away. *See* Dkt. No. 91. Some discovery has been undertaken, but the parties have not filed their joint claim construction statement or proposed claim terms to be construed. Ultimately, however, the Court finds that the benefits of a stay at this relatively early stage of the proceedings are outweighed by various other considerations as discussed elsewhere herein. *See Broad. Innovation*, 2006 WL 1897165 at *11 ("[T]he ultimate determination is within the Court's discretion based on a weighing of the benefits of issuing a stay versus any added expenses resulting from the stay.").

### d. Prejudice or Disadvantage to Plaintiff

Regarding the third statutory factor, Plaintiff VirtualAgility argues that a stay will unduly prejudice it because its direct competitor Salesforce will be given up to two additional years to compete against VirtualAgility using VirtualAgility's patented technology without permission, which may lead to VirtualAgility's loss of market share and erosion of good will. Defendants dispute that Salesforce is VirtualAgility's direct competitor and further argue that any prejudicial effect would be minimal because the CBM review occurs in an expedited 12-month time-frame.

10

Further, Defendants state that VirtualAgility's failure to have sought any form of preliminary injunction in this case demonstrates that a stay will not result in undue prejudice.

Staying a case pending reexamination and "waiting for the administrative process to run its course risks prolonging the final resolution of the dispute and thus may result in some inherent prejudice to the plaintiff." *Market-Alerts*, 922 F. Supp. 2d at 494. While "the potential for delay does not, by itself, establish undue prejudice,...courts are generally reluctant to stay proceedings where the parties are direct competitors," because in such cases, "there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement[], including the potential for loss of market share and an erosion of goodwill." *Id.* at 494-95; *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009) ("Where the parties are direct competitors, a stay would likely prejudice the non-movant."). Given that the patentee "could lose market share – potentially permanently – during the stay,...while the alleged infringer continues to sell the competing products," such loss constitutes an irreparable injury not compensable by money damages. *A.R. Arena Products, Inc. v. Grayling Indus., Inc.*, 5:11-CV-1911, 2012 WL 2953190 (N.D. Ohio June 25, 2012) (citing *Sunbeam Products, Inc. v. Hamilton Beach Brands, Inc.*, 2010 WL 1946262 (E.D.Va. May 10, 2010)); *see also Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, 2011 WL 3267768 at *5 (N.D. Cal. July 28, 2011) ("infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages...Staying a case while such harm is ongoing usually prejudices the patentee that seeks timely enforcement of its right to exclude."); *Heraeus Electro–Nite Co., LLC v. Vesuvius USA Corp.*, 2010 WL 181375 at *1 (E.D.Pa. Jan. 11, 2010) ("[C]ourts have been reluctant to grant stays where, as here, the parties are direct competitors...In such situations, stays are denied where there is concern that the patent

11

owner will be irreparably harmed because the accused product will continue to gain market share during the pendency of the stay.").

Here, Defendants dispute in the first instance that VirtualAgility and Salesforce are direct competitors, dismissing VirtualAgility's purported evidence as conclusory. The Court, however, finds that credible evidence does exist demonstrating that Salesforce and VirtualAgility compete in the same market, and for business from the same customer base. For example, Plaintiff VirtualAgility sells cloud-based "enterprise-level information technology solutions that allow users to build and configure user-defined computer and software applications for specific needs." Dkt. No. 72-2, Rudolph Decl. at ¶ 6. Salesforce, meanwhile, describes itself as "a provider of enterprise cloud computing solutions" and admits that it "may encounter competition from enterprise software vendors and online service providers who may develop toolsets and products that allow customers to build new apps that run on the customers' current infrastructure or as hosted services." Salesforce.com, Inc., Annual Report (Form 10-K), at 4, 9 (March 8, 2013).[3] Such competition fits the description of VirtualAgility's business model which Salesforce does not dispute. Moreover, VirtualAgility sells its products to, among others, public sector entities such as federal and state governmental agencies, and Salesforce's website publicizes its efforts to sell products to various federal governmental agencies. Rudolph Decl. at ¶ 8 (citing http://www.salesforce.com/company/news-press/press-releases/2012/04/120425.jsp). Tellingly, these two entities took part in the same government bid process at least once. *Id.* The Court finds that VirtualAgility and Salesforce directly compete in at least the enterprise cloud computing market targeting public sector entities, and that such relationship is demonstrated by more than

---

[3] The Court hereby takes judicial notice of Salesforce's annual report filed with the United States Securities and Exchange Commission. *See* Federal Rule of Evidence 201 (b)-(c) (stating that courts may unilaterally take judicial notice of a fact not subject to reasonable dispute because "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

mere conclusory statements.

Having decided that VirtualAgility and Salesforce compete in the same market, the Court necessarily finds that granting a stay pending the CBM review will unduly prejudice VirtualAgility. Such a stay will leave VirtualAgility with no recourse during the intervening time against unauthorized use of its patented invention. In fact, it will be "forced to compete against products that incorporate and infringe" its own invention. *See Douglas Dynamics, LLC v. Buyers Products Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013). The loss of market share and consumer goodwill is particularly high in the growing market of enterprise cloud-computing, where contractors and governmental agencies are developing lists of preferred vendors. *See ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011); *accord Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 975–76 (Fed. Cir. 1996) ("Years after infringement has begun, it may be impossible to restore a patentee's (or an exclusive licensee's) exclusive position by an award of damages and a permanent injunction. Customers may have established relationships with infringers.").

While the Court is mindful that CBM review generally proceeds on an expedited twelve-month time-frame from the date the PTAB institutes review until it issues a final written decision, *see* Office Patent Trial Practice Guide, 77 Fed. Reg. 48756, as opposed to *inter-partes* reexamination that could take up to twenty-four months, the Court is not persuaded that potential loss of market share and consumer goodwill during the intervening one year would necessarily impose only minimal prejudice on VirtualAgility.[4] It is undisputed that VirtualAgility is and has been a small company with private investors and limited resources. Being left with no recourse

---

[4] By the instant motion Defendants seek to stay proceedings until "the CBM Review is *fully* resolved," however, without identifying at which specific step of the CBM review should such stay be lifted. After the PTAB's final written opinion, parties can ask the Board to re-hear the case or appeal to the Federal Circuit. The CBM review may well be "fully resolved" only after the Federal Circuit issues its opinion. Thus, it is certainly possible that the stay sought by Defendants could exceed the initial twelve months.

against the infringing acts of much larger companies such as Defendants, even only for a year, may substantially injure VirtualAgility's business such that it becomes "impossible to restore [its] exclusive position by an award of damages and a permanent injunction." *Polymer*, 103 F.3d at 975–76.

Furthermore, "when a case is stayed, witnesses may become unavailable, their memories may fade, and evidence may be lost while the PTO proceedings take place." *Ambato Media, LLC v. Clarion Co., Ltd.*, 2:09-CV-242-JRG, 2012 WL 194172, at *5 (E.D. Tex. Jan. 23, 2012). The possibility of witness loss is heightened in this case because certain identified witnesses are of an advanced age. For example, Gordon E. Nelson, the attorney who prosecuted the '413 Patent over the entire course of the twelve-year examination, is now beyond age seventy. Granting a stay and prolonging this litigation will subject VirtualAgility to the added risk of witness loss, thereby unduly prejudicing it in the legal proceeding.

Lastly, Defendants argue that VirtualAgility will not be unduly prejudiced by a stay given that it has not sought any form of preliminary injunctive relief. The Court disagrees. A party's decision to seek or not to seek a preliminary injunction often rests upon a variety of factors, including that party's resources, the uncertainty of the outcome, or as part of an overall strategy to streamline the process and focus on other procedural steps of the litigation. Not being in a role to judge the parties' litigation strategy, the Court deems it unfair to hold VirtualAgility to a position based upon what is no more than a dubious implication.

In sum, granting a stay in this case may cause negative "outsized consequences" to VirtualAgility, including irreparable loss of market share, erosion of goodwill and potential loss of key witnesses. *Market-Alerts*, 922 F. Supp. 2d at 494-95. This Court believes that a stay would unduly prejudice VirtualAgility both in the market place and in this litigation. This factor weighs

14

heavily against granting a stay.

### e. Burden on the Court and parties

The fourth statutory factor directs the court to consider "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." Defendants argue that a stay will spare the parties the burden of litigating the validity of the '413 Patent in this Court and before the PTAB at the same time. Defendants further argue that a stay will reduce the Court's burden by allowing the PTAB to first determine the validity of the '413 Patent in light of the prior art, and spare the Court's burden of conducting claim construction for claims that may be cancelled or amended during the CBM review process.

Aside from the plain language of § 18(b), the statute provides no further guidance on how courts should assess the fourth statutory factor. The *Broad. Innovation* decision from which Congress directly adopted the four-factor statutory test, however, sheds some light on the proper application of this factor. The *Broad. Innovation* court noted that the fourth "burden of litigation" factor is related to the first "simplification of issues" factor. *See Broad. Innovation*, 2006 WL 1897165 at *4 (describing the fourth factor as "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law which could be expected to result from a stay") (citation omitted). The Court agrees that these two factors are not entirely independent of each other. If granting a stay is unlikely to simplify the issues in litigation, then it will not likely reduce the overall burden on the court and the parties.

Here, Defendants' arguments under the fourth statutory factor substantially overlap with those already presented under the first factor. As discussed above, given the thoroughness of the PTO's prior examination of the '413 patent, the single new prior art currently before the PTAB, and the uncertainty of the PTAB's § 101 determination, the Court is not convinced that the CBM

review will cancel all or even a substantial number of the asserted claims. Thus, the burden on this Court and the parties, when measured in context of the overall course of this litigation, will not be substantially lessened by a stay. *See Broad. Innovation*, 2006 WL 1897165 at *12 (finding that judicial economy weighed in favor of granting a stay when "the Court is influenced by the breadth of the reexamination and the number of prior art references under active review."). Further, the CBM review will not substantially alleviate the existing demands upon the Court and the parties with respect to the Oracle project and the Tecskor product, as neither reference is before the PTAB.

The Court acknowledges that a stay will relieve the parties' burden of litigating the validity of the '413 Patent in this Court and before the PTAB at the same time. Such is true, however, in all cases involving CBM reviews. Had Congress deemed this burden so overwhelming as to justify a stay in and of itself, the statute would have been written differently. Absent such a different statutory provision, relief from a burden inherent to all CBM reviews cannot reasonably serve as the sole basis for tipping the fourth factor in favor of granting a stay.

To be clear, beyond general relief from dual-track litigation which is inherent to all CBM reviews, the specific circumstances in the instant case present only a limited possibility of added reduction to the burden on the Court and the parties. The fourth factor therefore weighs only slightly in favor of a stay.

## IV. Conclusion

The Court, having considered thoroughly the four statutory factors outlined in § 18(b) of the AIA, finds as follows: the first factor weighs slightly and the third factor weighs heavily in favor of denying a stay, while the second factor weighs in favor of granting a stay and the fourth factor weighs only slightly so; the result being that the relevant factors favor denying the Motion

for Stay. Accordingly, the Court hereby **DENIES** Defendants' Joint Motion to Stay Proceedings Pursuant to § 18(b) of the AIA (Dkt. No. 67).

**So Ordered and Signed on this**

**Jan 8, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE